UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-20118-CR-GAYLES/OTAZO-REYES

UNITED STATES OF AMERICA,

v.

MARSHALL KING,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the following matters:

1. Defendant Marshall King's ("King") Objection to the Garnishee Fidelity Investments' Answer and Amended Answer and Request for a Hearing [D.E. 209];

2. King's Objection to the Garnishee Ameriprise Financial's Answer and Request for a Hearing [D.E. 210];

3. Non-Party Mary A. King's ("Mrs. King") Objection to Answer of Garnishee Ameriprise Financial, Inc. [D.E. 211];

4. Mrs. King's Objection to Amended Answer of Garnishee Fidelity Brokerage Services and Fidelity Management Trust Company [D.E. 212];

5. King's Objection to the Garnishee Northwestern Mutual Life Insurance Company's Answer and Request for a Hearing [D.E. 219]; and

6. Mrs. King's Motion to Dissolve the Writ of Garnishment on Uncontested Accounts (hereafter, "Motion to Dissolve") [D.E. 221].

These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 223, 225]. The undersigned held a hearing

on these matters on February 25, 2019. In accordance with the undersigned's determinations at the hearing, it is RESPECTFULLY RECOMMENDED as follows:

> ➤ That Mrs. King's objections to the Writ of Garnishment directed at Marshall L. King Revocable Trust FBO Mary A and Marshall King, Account XXX-XX2638 containing cash and securities with a value of $84,645.83 be OVERRULED. The undersigned finds no legal or factual basis for Mrs. King's claim to a portion of that res.
>
> ➤ That King's objections to the Writ of Garnishment as to the two life insurance policies insuring the life of Marshall King issued by Northwestern Mutual Life Insurance Company be OVERRULED. The cash value of the life insurance policies does not fall within any of the restitution statutory exemptions to garnishment.
>
> ➤ That all other disputes be deemed resolved by the parties upon the filing of appropriate motions and/or notices.
>
> ➤ That Mrs. King's Motion to Dissolve [D.E. 221] be GRANTED IN PART AND DENIED IN PART in accordance with the foregoing recommendations.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 25th day of February, 2019.

*/s/ Alicia M. Otazo-Reyes*
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Darrin P. Gayles
      Counsel of Record